FILED
2015 Mar-31  PM 12:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| JASON BELYEU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number: 4:13-cv-00292-JHE |
| | ) |
| CAROLYN W. COLVIN, ACTING | ) |
| COMMISSIONER OF SOCIAL SECURITY | ) |
| ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION[1]

Plaintiff Jason Belyeu ("Belyeu") seeks review, pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act, of a final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his application for Disability Insurance Benefits ("DIB"). Belyeu timely pursued and exhausted his administrative remedies.  The case is therefore ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).  Additionally, Plaintiff moves to remand this action to require the Appeals Council to conduct a meaningful review of certain evidence.  (Doc. 14).  The undersigned has carefully considered the record and, for the reasons stated below, the motion to remand is **GRANTED**.  The decision of the Commissioner is **REVERSED** and the action will be **REMANDED**.[2]

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties in this case have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 13).

[2] Carolyn W. Colvin was named the Acting Commissioner on February 14, 2013.  See http://www.socialsecurity.gov/pressoffice/factsheets/colvin.htm ("On February 14, 2013, Carolyn

## I. Factual and Procedural History

Belyeu was a thirty-eight year old male at the time of his hearing before the Administrative Law Judge ("ALJ") on June 1, 2012, (R. 189, 61-70).  He has a twelfth grade education. (R. 69). Belyeu previously worked as a line worker, police officer, deputy sheriff, and security officer.  (R. 69).

Belyeu filed his application for DIB on June 21, 2010, alleging an initial onset date of March 1, 2010.  (R. 61).  The Commissioner denied Belyeu's application for DIB, (tr. 130-34), and Belyeu requested a hearing before an ALJ.  (R. 138-39).  After a hearing, the ALJ denied Belyeu's claim on June 1, 2012.  (R. 61-70).  Belyeu sought review by the Appeals Council, but it declined his request on January 3, 2013.  (R. 1-4).  On that date, the ALJ's decision became the final decision of the Commissioner.  On February 12, 2013, Belyeu initiated this action.  (*See* Doc. 1).

## II. Standard of Review[3]

The Eleventh Circuit Court of Appeals has interpreted 42 U.S.C. § 405(g)'s federal district court's authority to review the "final decision" of the commissioner to include review of both the opinion of the ALJ and the decision of the Appeals Council to deny review.  *See Falge v. Apfel*, 150

---

W. Colvin became the Acting Commissioner of Social Security.").  Under 42 U.S.C. § 405(g), "[a]ny action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."  Accordingly, pursuant to 42 U.S.C. § 405(g) and Rule 25(d) of the Federal Rules of Civil Procedure, the court has substituted Carolyn W. Colvin for Michael Astrue in the case caption above.

[3]In general, the legal standards applied are the same whether a claimant seeks DIB or Supplemental Security Income ("SSI").  However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates.  The same applies to citations for statutes or regulations found in quoted court decisions.

F.3d 1320, 1322 (11th Cir. 1998); *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).  This review is limited to when the "Appeals Council refuses to consider new evidence submitted to it and denies review."  *Keeton*, 21 F.3d at 1066.

The role of this Court, on a *de novo* review, is to decide whether the Appeals Council properly reviewed the new evidence in determining it does not have to be considered or it does not warrant their review of the ALJ's decision.  *Id.*, at 1067-68; *See also Epps v. Harris*, 624 F.2d 1267, 1272-73.  This Court will determine whether evidence is new, material, and relates back to the time period on or before the date of the ALJ's decision.  20 C.F.R. § 404.970(b).  This Court will then consider the entire record, including the evidence submitted to the AC, to determine whether the denial of benefits was erroneous.  *Barclay v. Comm'r of Soc. Sec. Admin.,* 274 F. App'x 738, 743 (11th Cir. 2008).

### III. Findings of the Administrative Law Judge

After consideration of the entire record and application of the sequential evaluation process, the ALJ made the following findings:

At Step One, the ALJ found Belyeu met the insured status requirements of the Social Security Act through December 31, 2014, and that Belyeu had not engaged in substantial gainful activity since July 1, 2010, the alleged onset date of his disability.  (R. 63).  At Step Two, the ALJ found Belyeu has the following severe impairments: status post-cervical fusion secondary cervical disc disease, status post-surgery for bilateral plantar fibromatosis and status post ribs, neck and right rotator cuff injuries.  (*Id.*)  At Step Three, the ALJ found Belyeu does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (R. 65).

Before proceeding to Step Four, the ALJ determined Belyeu's residual functioning capacity ("RFC"), which is the most a claimant can do despite his impairments. *See* 20 C.F.R. § 404.1545(a)(1).  The ALJ determined Belyeu has the RFC to perform sedentary work as defined in 20 C.F.R. 404.1567(b), with the restrictions that Belyeu must avoid all hazardous work conditions, is unable to use the right upper extremity for overhead reaching, can never climb ropes or scaffolds but can frequently balance, stoop, crouch, crawl and climb ladders.  (R. 66).

At Step Four, the ALJ determined Belyeu is unable to perform any past relevant work.  (R. 33).  At Step Five, the ALJ determined, based on Belyeu's age, education, work experience,[4] and residual functional capacity, there are jobs that exist in significant numbers in the national economy Belyeu could perform.  (R. 69).  Therefore, the ALJ denied Belyeu's claim.  (R. 70).

## IV. Appeal Council Decision

On January 3, 2013, the Appeals Council denied Belyeu's request for review and found no reason under the rules to review the ALJ's decision.  (R. 1-3).  In reaching its decision the Appeals Council found some of the newly provided information was from a later time, and did not affect the ALJ's decision, while the remainder of the information did not provide a basis for changing the ALJ's decision.  (R. 2).

---

[4]Belyeu was born on December 22, 1973, and was thirty-six years old on the alleged disability onset date, which classified him as a younger individual age eighteen to forty-nine. (Tr. 69).  Belyeu has a high school education and is able to communicate in English.  (*Id.*)  The ALJ found transferability of job skills is not material to the determination of disability because, using the Medical-Vocational Rules as a framework, the record supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.  (*Id.*); *see also* SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2.

## V. Analysis

### A.      Introduction

With few exceptions, a claimant is allowed to present new evidence at each stage of the administrative process.  *See* 20 C.F.R. § 404.9000(b).  The Appeals Council must consider new, material, and chronologically relevant evidence and must review the case if "the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence on record," which includes the new evidence submitted directly to the Appeals Council.  20 C.F.R. § 404.970(b).  The claimant may seek review in federal court of "any final decision of the Commissioner of Social Security," 42 U.S.C. § 405(g), only after exhausting these administrative remedies.  *See Sims v. Apfel*, 530 U.S. 103, 107, 120 S. Ct. 2080, 2083 (2000).

42 U.S.C. 405(g) permits this Court to remand an application for benefits to the Commissioner by two methods known as a "sentence four remand" and a "sentence six remand."  *See Ingram v Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007).  When a case is remanded, "the Appeals Council, acting on behalf of the Commissioner, may make a decision, or it may remand the case to an administrative law judge with instructions to take action and issue a decision or return the case to the Appeals Council with a recommended decision."  20 C.F.R. § 404.983.  If the case is remanded by the Appeals Council to the administrative law judge, the process starts over again.  20 C.F.R. § 404.984.  If the case is decided by the Appeals Council, then that decision is subject to judicial review.  *Id.*

Belyeu requests the court remand this action to the Appeals Council to conduct a meaningful review of certain evidence.  (Doc. 14).  The two types of remands are distinct and require different burdens of proof.  Sentence Four refers to sentence four of 42 U.S.C. § 405(g) and simply provides:

"The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of the Social Security, with or without remanding the cause for a rehearing."  Sentence six of 42 U.S. § 405(g) provides: "The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commission of Social Security."  Notably, to obtain a sentence four remand, the claimant is not required to show good cause, but good cause must be shown before the court will grant a sentence six remand.  *See Smith v Social Security Admin*., 272 F. App'x 789, 802 (2008); *Melkonyan v. Sullivan*, 501 U.S. 89, 99-100, 111 S. Ct. 2157 (1991).

### B. Belyeu Does not Demonstrate a Sentence Six Remand is Warranted

Belyeu submits additional medical records with his appeal that were not considered by the ALJ.  These records from Alabama Center for Occupational Medicine, which were submitted as Exhibit C with the Plaintiff's Motion to Remand (doc. 14-3), cannot be reviewed under sentence six "without the show[ing] of good cause for failure to submit the evidence at the appropriate administrative level."  *Smith*, 272 F. App'x at 802 (recognizing "Congress'[s] explicit delineation in § 405(g)" between sentence four and sentence six remands and noting that a court may remand under sentence six "only if the claimant shows good cause for failing to present the evidence earlier"); *see* 42 U.S.C. § 405(g) ("the court may [...] remand the case to the Commissioner [...] only upon a showing that there is new evidence which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding").  Belyeu provides no reason this Court should consider the additional records or how they might have changed the outcome of the underlying administrative proceeding.  (Doc. 14 at *3); *Ingram*, 496 F.3d at 1267 (ruling that a

6

sentence six remand is appropriate "when the district court learns of evidence not in existence or available to the claimant at the time of the administrative proceeding that might have changed the outcome of that proceeding"). Accordingly, for this (and other reasons) a remand under sentence six is inappropriate.

### C. The Appeals Council's Failure to Review the Full Record Mandates Remand Under Sentence Four

Belyeu argues that the additional evidence presented to the Appeals Council (R. 6-7), supports a sentence four remand. Belyeu asserts the Appeals Council failed to conduct a meaningful review of this evidence.[5] (Doc. 14). Therefore, to justify remand Belyeu must prove this evidence is (1) new, (2) material, and (3) chronologically relevant. *Ingram*, 496 F.3d at 1261.

First, Belyeu must demonstrate the evidence presented to the Appeals Council is new and material. New evidence is evidence that is non-cumulative to the evidence presented to the ALJ, and material evidence is "relevant and probative so that there is a reasonable possibility that it would change the administrative result." *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987). Additionally, Belyeu must establish the evidence is chronologically relevant, which is evidence corresponding to the time period for which the claimant is seeking disability; however, this does not necessarily mean the report must have been made during the time of disability. *See Foster v. Colvin,* 12-cv-04038-VEH, 2014 WL 1338095 (N.D. Ala. Mar. 28, 2014) (ruling even though some of the reports were dated after the ALJ's decision, that did not mean they were chronologically irrelevant). *See also*

---

[5] Belyeu argues some of the submissions submitted to the Appeals Council were omitted from the Record and therefore the case should be remanded. (Doc. 14). Omission from the record does not mandate remand if and only if the Appeals Council properly considered this evidence, even though this evidence must be included in the record for review. Keeton, 21 F.3d at 1067 (ruling each successive appeal, and the evidence therein, contributes to the administrative process and is added to the administrative record).

*Boyd v. Heckler*, 704 F.2d 1207, 1211 (11th Cir. 1983) ("[A] treating physician's opinion is still entitled to significant weight notwithstanding that he did not treat the claimant until after the relevant determination date") (citations omitted), *superseded in part on other grounds by* 42 U.S.C. § 423(d)(5).

In reviewing Belyeu's case, the Appeals Council separated the additional information into two categories, (1) evidence that "does not provide a basis for changing the [ALJ's] decision", and (2) evidence that "is about a later time [and] [t]herefore, [...] does not affect the [ALJ's] decision." (R. 1-2). The latter evidence included medical reports from Dr. Wilson and Dr. Warren. The Commissioner argues the Appeals Council's findings were reasonable because these examinations occurred over three and a half months after the ALJ's decision and the reports do not specifically state they relate to the time period on or before the date of the ALJ's decision. (Doc. 15 at *8). However, the fact that these reports were dated after the ALJ decision does not necessarily mean they are not chronologically relevant.

The Appeals Council's conclusion that Dr. Wilson's report "is about a later time" is an overly simplistic statement. The question is whether or not the diagnosis reported in these records could have developed within the four month period between the ALJ's decision and the examination or whether or not the diagnosis relates to issues that were present during the alleged disability period. Dr. Wilson discusses Belyeu's severe depression and anxiety problems stemming from his 2000 accident.[6] (Doc. 14-2 at 5). Dr. Wilson noted the severity of distress and disturbance, as well as,

---

[6]In the summary section, Dr. Wilson states that Belyeu

> [h]as [s]evere problems with depression/anxiety, and he continues to experience symptoms of PTSD from when he was assaulted/injured on the job. **Level of stress/disturbance is severe; would definitely have difficulty maintaining any**

Belyeu's difficulty with social, task and problem solving aspects of any job. (*Id.*)  This evidence supports Belyeu's statements concerning the intensity, persistence and limiting effects of his symptoms.  (R. 66-67).  Along with Dr. Wilson's report on October 1, 2012, he also submitted a mental health source statement stating, among other things, Belyeu had an extreme degree of limitation in his ability: to maintain attention and concentration for extended periods; to perform activities within a schedule; to sustain an ordinary routine; and the ability to work in coordination or proximity to others.  (R. 24-25).  If the Appeals Council after meaningful review of the omitted records finds these records impacted the alleged disability period, it could potentially alter the determinations regarding the "paragraph B" criteria considered when evaluating mental disorders in section 12.00C of the Listing of Impairments.  *See* 20 C.F.R. Part 404, Subpart P, Appendix 1.

As to the materiality of this evidence, the ALJ relied heavily on Dr. Estock's psychiatric report in determining the severity of Belyeu's impairments.  (Tr. 66).  However, Dr. Estock was a non-examining doctor and "reports of non-examining doctors are accorded little weight if they contradict an examining doctor's report [...];" additionally, "such a report, standing alone, cannot constitute substantial evidence." *See Spencer on behalf of Spencer v. Heckler*, 765 F.2d 1090, 1093-94 (11th Cir. 1985); *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991).  Again, the "Appeals Council **must** consider new, material, and chronologically relevant evidence and **must** review the case if the administrative law judge's action, findings, or conclusion is contrary to the weight of the

---

**type of job.  Would have difficulty with social, task and problem solving aspects of any job.  Also has some medical problems which could also cause problems in a work setting - these have been documents by his physician....**

(R. 14 (bold in original)).

evidence currently of record." *Barclay v. Comm'r of Soc. Sec. Admin.*, 274 F. App'x 738, 743 (11th Cir. 2008) (emphasis added).  If Dr. Wilson's report would have been properly reviewed, the Appeals Council would have to look at the remainder of the evidence with different weight.  The failure to consider the report is a "legal error," and the Commissioner's decision is due to be reversed.  *See Sneed v. Barnhart*, 214 F. App'x 883, 885 (11th Cir. 2006).  Bottom line is that the Appeals Council's erroneous decision to not review this information at all because it believed it "is about a later time," requires a further review.[7]

Upon remand, the Commissioner should ensure the Appeals Council reviews the new evidence and accords Dr. Wilson's report and mental health source statement proper weight before concluding the ALJ's decision is beyond reproach.

## VI. Conclusion

Because the Commissioner failed to adequately review the full record, including new and material evidence, the Plaintiff's motion to remand, (doc. 14), is **GRANTED** and this action will be **REMANDED** to the Commissioner for further proceedings consistent with this Memorandum Opinion.  A separate order will be entered.

**DONE**, this 31st day of March, 2015.

_John E. Ott_

**JOHN E. OTT**
Chief United States Magistrate Judge

---

[7]The court has considered the Commissioner's supplemental authority, *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782-84 (11th Cir. 2014), holding "that the Appeals Council is not required to explain its rationale when denying a request for review").  (Doc. 19).  However, that case is not dispositive in this instance because the Commissioner did explain the decision by stating that the records were about a later time.